**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

DONNIE CRUM,

                Plaintiff,

v.                                              CIVIL ACTION NO. 5:17-cv-02980

ICG BECKLEY, LLC,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion to Dismiss Plaintiff's Complaint* (Document 4) and *Memorandum of Law in Support* (Document 5), the *Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint* (Document 7), the *Plaintiff's Memorandum of Law in Support of His Opposition to Defendant's Motion to Dismiss the Plaintiff's Complaint* (Document 8), and the *Defendant's Reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint* (Document 12). The Court has also reviewed the Plaintiff's *Complaint* (Document 1-1) and all attached exhibits. For the reasons stated herein, the Court finds that the Defendant's motion should be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiff, Donnie Crum, initiated this action by filing his complaint in the Circuit Court of Raleigh County, West Virginia. The Plaintiff originally named International Coal Group, Inc., as the only defendant. On May 19, 2017, the Defendant removed the matter to this Court, citing

1

diversity jurisdiction. In the notice of removal, the Defendant alleged that International Coal Group, Inc., was not the Plaintiff's employer, but rather ICG Beckley, LLC. On June 6, 2017, the parties filed a *Joint Motion to Substitute Parties* (Document 11) wherein both parties agreed to substitute ICG Beckley, LLC, as the appropriate Defendant in this action. Pursuant to its *Agreed Order Granting Joint Motion to Substitute Parties* (Document 13), the Court granted the motion and dismissed International Coal Group, Inc., from the action, leaving ICG Beckley, LLC (hereinafter "ICG Beckley") as the sole Defendant.

The Plaintiff alleges that he was employed by ICG "in July 2012 as a General Mine Foreman." (Pl's Complaint at ¶ 3.) The Plaintiff claims that he worked for the Defendant at its Arch Beckley Complex in Raleigh County, West Virginia. According to the Plaintiff, shortly after he was hired as a foreman, ICG Beckley also hired Keith Goins as Mine Superintendent. Mr. Goins held a safety meeting and informed the workers that "the mine could not remain open at the current accident rate." (*Id.* at ¶ 12.) After this meeting, the Plaintiff would report accidents, but, in an effort to minimize the number of accidents actually reported, the Defendant did not follow the proper procedure regarding those accident reports. Eventually, the Defendant replaced Mr. Goins with Kenny Evans. Upon Mr. Evans's hiring, the Plaintiff was demoted from General Mine Foreman to Assistant Mine Foreman with no explanation, after having been told by the General Manager that he was "doing a 'great job.'" (*Id.* at ¶ 16.)

Before the Plaintiff's demotion, Kenny Evans and a shift foreman employed by the Defendant had a discussion with the Plaintiff wherein Mr. Crum was "told not to do 'pre-ops' so the men could get to work quicker." (*Id.* at ¶ 17.) Because this was an unsafe practice, the Plaintiff refused to follow the instruction, and he was again demoted. After his demotion, the

practice of doing "pre-ops" stopped. The Plaintiff was also informed that injured employees did not need to fill out accident reports. According to the Plaintiff, the Defendant's safety manager told the Plaintiff he "could not make an employee fill out an accident report" after an injury. (*Id.* at ¶ 21.) At some point after these conversations, the Plaintiff was questioned by management at ICG Beckley, and by an attorney hired by ICG Beckley. During this questioning, the Plaintiff informed the management officials that, in addition to the unreported accidents, he had also been forced to send a miner underground while that miner was scheduled for light duty only.

In response to these discussions, the Plaintiff was told to return the next day at 11:00 and was terminated from employment when he arrived. The Plaintiff contends in his single-count complaint that he was terminated because he brought up legitimate safety concerns to officials and because he refused to engage in unsafe practices in violation of mining safety regulations, and that said discharge was in violation of West Virginia public policy.

The Defendant's motion to dismiss has been fully briefed and is therefore ripe for review by the Court.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id*. Federal Rule of Civil Procedure 8(a)(2)

3

requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which

can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendant argues that the Plaintiff's complaint should be dismissed in its entirety because the Plaintiff has failed to specifically set forth any substantial public policy of which the Defendant acted in contravention. The Defendant contends that the Plaintiff cited no specific constitutional provision, statute, regulation, or judicial opinion that sets forth such policy, and has therefore failed to support his cause of action. The Defendant claims that the Plaintiff's complaint is merely "sprinkled . . . with conclusory allegations . . . untethered to any substantial public policy" such that the complaint must be dismissed. (Def.'s Mem. of Law in Supp. at 7.)

The Plaintiff counters that he has satisfied his burden in his complaint. He argues that his complaint clearly alleges that the Defendant violated the specific West Virginia public policy of taking adverse employment action against an employee for airing legitimate safety concerns and refusing to engage in unsafe mining practices that violate mine safety regulations. The Plaintiff contends that he sufficiently alleged in his complaint that the Defendant both demoted and eventually terminated him because he brought to light unsafe practices implemented by the mine superintendent and because he refused to engage in those unsafe practices, and has therefore satisfactorily pled a substantial public policy sufficient to survive a motion to dismiss.

With respect to the discharge of at-will employees, the West Virginia Supreme Court of Appeals held in *Harless v. First National Bank in Fairmont* that "where the employer's motivation for the discharge [of an at-will employee] is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by the discharge." 246

S.E.2d 270, 271 (W.Va. 1978). In proving that an employee was discharged in contravention of some public policy, the plaintiff employee has the burden of establishing that a substantial public policy does actually exist. *Roth v. DeFeliceCare, Inc.*, 700 S.E.2d 183, 190 (W.Va. 2010) (citing Syl. Pt. 8, *Page v. Columbia Natural Res.*, 480 S.E.2d 817 (W.Va. 1996)). Further, "[t]o identify a substantial public policy, the Court looks to 'established precepts in the State's constitution, legislative enactments, legislatively approved regulations, and judicial opinions.'" *Id.* (citing *Birthisel v. Tri-Cities Health Servs. Corp.*, 424 S.E.2d 606, 612 (W.Va. 1992)).

Pursuant to W.Va. Code § 22A-1-22, "[n]o person shall discharge or in any other way discriminate against any miner . . . by reason of the fact that the person believes or knows that such miner . . .(1) has notified the director, his or her authorized representative, or an operator, directly or indirectly, of any alleged violation or danger." The West Virginia Supreme Court of Appeals has similarly held that "W.Va. Code, 22A-1A-20, prohibits retaliatory conduct by employers against mine employees because of their reporting of violations of the Mine Safety Act." Syl. Pt. 2, *Collins v. Elkay Min. Co.*, 371 S.E.2d 46 (W.Va. 1988) (citing Syl. Pt. 2, *Davis v. Kitt Energy Corp.*, 365 S.E.2d 82, 83 (W.Va. 1987)).[1]

Here, Mr. Crum has alleged that his supervisor and other company officials told him to undertake actions that were unsafe and against mine safety regulations. Specifically, he states that his employer would not follow the proper procedure when accidents were reported by the Plaintiff, that he was told not to perform "pre-ops" before shifts began so that miners could begin work faster, that he could not make an employee fill out an accident report, and that injured

---

1 W.Va. Code § 22A-1A-20 was replaced by the most recent iteration of the statute creating the Office Miners' Health, Safety and Training, W.Va. Code § 22A-1-22, as quoted above. Thus, the Defendant's argument that the Plaintiff's reliance on *Collins* is to no avail because the statutes in *Collins* have been repealed is feeble: Section 22A-1-22 clearly asserts the same policy expressed in the older statute and relied on by the *Collins* court.

employees did not need to file accident reports. (Pl.'s Complaint at ¶¶ 13-21.) Mr. Crum further alleges that he was fired specifically because he brought these concerns to the attention of certain ICG Beckley management officials, and because he refused to take part in certain unsafe practices when requested to do so. These allegations allow Mr. Crum the opportunity to prove his employment was terminated in violation of the substantial public policy against retaliation against a mine employee who reported a violation or danger. The Court finds that the Plaintiff has satisfactorily alleged sufficient facts and a substantial public policy to state a plausible claim for relief.

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Defendant's Motion to Dismiss Plaintiff's Complaint* (Document 4) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: December 8, 2017

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA